GERALD SCHLENZ *et al.*, Plaintiffs and Counterdefendants-Appellees, v. ROBERT DZIERZYNSKI *et al.*, Defendants and Counterplaintiffs and Third-party Plaintiffs-Appellants (John Grigalunas *et al.*, Third-party Defendants and Appellees; Gerald L. Schlenz *et al.*, Intervening Third-party Defendants and Appellees).

Third District   No. 3—84—0537

Opinion filed July 11, 1985.

Louis E. Olivero, of Peru, for appellants.

John Balestri and Bruno P. Bernabei, both of Spring Valley, for appellees.

JUSTICE SCOTT delivered the opinion of the court:

This action was commenced in the circuit court of Bureau County by the plaintiffs, Gerald and Karen Schlenz, to quiet title to acreage they acquired in rural Bureau County. Their neighbors, the defendants, Robert and Janice Dzierzynski, opposed the relief requested by the Schlenzes' complaint. The circuit court entered a judgment for the plaintiffs, and the Dzierzynskis have appealed to this court.

In 1966, John and Helen Grigalunas owned in excess of 20 acres

in Hall Township of Bureau County. In that year they were approached by the Dzierzynskis, who wanted to purchase an acreage for a homesite and for a wildlife sanctuary. After inspecting the Grigalunases' property, the Dzierzynskis made an offer for the eastern-most portion of the Grigalunases' acreage. The eastern portion of the acreage was wooded, and the western portion was a cultivated field and the site of the Grigalunases' residence. A fence separated the two portions. No survey was available which described the wooded area which the Dzierzynskis wanted to purchase, and instead of causing a survey to be performed, the Grigalunases and Dzierzynskis decided to save costs and conducted their own measurement of the tract. The fence separating the eastern and western portion of the entire Grigalunas acreage appeared to run a true north-south course, as did the fence on the east boundary of the Grigalunas acreage. With this observation in mind, the parties measured the distance between the two fences at the south end of the acreage. This distance was 410 feet, and based on this measurement, the Grigalunases' attorney prepared a deed describing a tract of even width, 410 feet. The deed was dated August 12, 1966, and thereafter the Dzierzynskis took possession of this wooded, eastern tract.

Although the Grigalunases and the Dzierzynskis observed the fence on the west side of the deeded tract, and thought the fence paralleled the fence on the east side, running a true north-south course, the fence in fact angled from the southeast to the northwest. Thus, the wooded area which the Dzierzynskis thought they were buying, and the Grigalunases thought they were selling, was wider at the north end than at the south end, and there was a triangular tract of land which the buyer and seller intended to convey which was not described in the August 1966 deed.

In June 1968, the Grigalunases sold to Laverne and Ann Bernard the cultivated tract immediately to the west of the Dzierzynskis' property. Again, no survey was performed, and the deed was prepared in reliance on the earlier measurements. As a result, the deed described the cropland and the triangular tract which the Dzierzynskis thought they had purchased two years earlier.

In 1979, another conveyance occurred relevant to the background of this dispute. In that year, Herbert Klein began negotiations to purchase the same property that the Bernards had acquired in 1968. Inquiring about the boundaries, Klein was advised by Mr. Bernard that he was unsure exactly where the property line was, but that he would join with Klein to have the property surveyed. Before the survey could be completed, Klein invited his son Gary, a graduate engineer,

to join him in inspecting the property. They measured the area described in the Bernards' deed, and convinced by their measurements that the Bernards were selling both cropland and a part of the wooded acres, Klein consummated the purchase from the Bernards. Two months later a survey was performed and the accuracy of the Klein measurements was confirmed. In November 1979, Klein conveyed a part of the property he purchased to his daughter and son-in-law, Gerald and Karen Schlenz. Included in this conveyance was the triangular tract of land previously identified. The Schlenzes intended to develop the property for residential building lots.

Sometime later, the Dzierzynskis became aware of the recently completed survey, and of the discrepancy between the property they intended to purchase and the property described in their deed. In an effort to correct this discrepancy, the Dzierzynskis sought out the Grigalunases, who executed a correction deed which described the land previously conveyed in 1966 as well as the disputed triangular tract. This correction deed was dated January 9, 1982.

The instant lawsuit was filed by the Schlenzes to quiet the cloud on their title represented by the correction deed. The Dzierzynskis answered, denying that the Schlenzes had good title, and complaining against the Schlenzes and the Grigalunases for reformation of their 1966 deed. The circuit court agreed with the Dzierzynskis that the erroneous description in their deed was the result of a mutual mistake, and suggested that if the rights of innocent third parties had not intervened, reformation would be in order. However, the same court found that the Schlenzes were *bona fide* purchasers for value, without notice of the Dzierzynskis' claim to title; therefore, the circuit court's judgment expunged the correction deed and quieted title in the Schlenzes. The Dzierzynskis appeal from this judgment, asserting that under the evidence presented, they should have prevailed because of the boundary by acquiescence doctrine and because they exercised sufficient acts of dominion over the triangular tract to give the Schlenzes inquiry notice of their claim.

■ The doctrine of boundary by acquiescence is discussed in *Boyer v. Noirot* (1981), 97 Ill. App. 3d 636, 423 N.E.2d 274, a case cited by the Dzierzynskis as authority for their assertion that the circuit court erred in its decision. The doctrine provides:

"Where a boundary between two tracts is unascertained or in dispute, the line may be established, first by parol agreement and possession; second, by an agreement implied from unequivocal acts and declarations of the parties and acquiescence for a considerable period of time; and third, in the absence of any

agreement, by undisturbed possession for more than 20 years. When an unascertained or disputed boundary is actually established under either or all of these alternative methods, it will be binding on the parties and their privies in estate and may be enforced or protected in an appropriate action in equity." (*Boyer v. Noirot* (1981), 97 Ill. App. 3d 636, 639, 423 N.E.2d 274, 276-77, citing *McLeod v. Lambdin* (1961), 22 Ill. 2d 232, 235, 174 N.E.2d 869, 871.)

The Dzierzynskis direct our attention to the period of time from August 1966 until June 1968 when they and the Grigalunases agreed and acquiesced in the boundary between the two tracts, and contend that this was a "considerable period of time" sufficient to establish the boundary under the rule announced in the *Boyer* case. We cannot agree.

■ A prerequisite to applying the three alternative tests of the *Boyer* case is that the "boundary between [the] two tracts [be] unascertained or in dispute." The evidence in the record does not suggest that the Dzierzynskis and the Grigalunases were uncertain as to the boundary line between the two tracts. Rather, the undisputed evidence is that the two adjoining owners, between 1966 and 1968, mistakenly believed the boundary to be the fence separating the forested and the cultivated tracts. Hence, the doctrine of boundary by acquiescence is not applicable to the resolution of this dispute. Rather, this is a case involving mutual mistake.

■ The holding of the *Boyer* court is consistent with this interpretation of the law. Although the *Boyer* court determined that no prior "dispute" was necessary to bring a case "within the scope of the doctrine [of boundary by acquiescence]," it was necessary that prior uncertainty exist as to the location of the boundary. Here, the adjoining owners were quite certain, albeit mistakenly, that the legally described boundary between their adjoining tracts was the fence which angled from the southeast to the northwest.

"Where a mutual mistake of fact among original parties to conveyances established that there was such mutual mistake of fact, any deed to a subsequent purchaser will also be reformed unless it is established that such purchaser was a *bona fide* purchaser for value without notice of the mistake or of facts which would put him on inquiry." (*Shelor v. Witt* (1979), 69 Ill. App. 3d 172, 176, 387 N.E.2d 18, 20.)

It follows then, that unless the Schlenzes were *bona fide* purchasers, the Dzierzynskis should be entitled to have the mistake in their deed reformed.

■ A review of the record reveals that the Dzierzynskis used the disputed triangular tract as a nature preserve. They planted trees and bushes on what was already a wooded area, they cleared trails or paths through the "preserve," they cut some trees and brush, and they planted a garden. While in some cases such acts of dominion and control may be sufficiently open and obvious to put a subsequent purchaser on inquiry notice, they are not conclusively so.

> "[O]ne having notice of facts which would put a prudent man on inquiry is chargeable with knowledge of other facts which he might have discovered by diligent inquiry. Whatever is notice enough to excite attention and put the party on his guard is notice of everything to which such inquiry might have led, and every unusual circumstance is a ground of suspicion and demands investigation. [Citations.] The burden of proof is, of course, upon the person charging notice to prove it." (*Reed v. Eastin* (1942), 379 Ill. 586, 592, 41 N.E.2d 765, 768.)

Admitted into evidence in the circuit court were certain photographs of the boundaries around and the trails through the disputed tract. Based on those photographs, and the transcript of the testimony offered at trial, we believe a close issue was raised as to whether the physical signs of the Dzierzynskis' occupancy were sufficient to "excite attention" or raise "suspicion." Nevertheless, the burden was on the Dzierzynskis to offer such proof, and it cannot be said that the circuit court's determination was against the manifest weight of the evidence, although another trier of fact might weigh the same evidence and reach a contrary result. Accordingly, we find no error in that court's decision that the Schlenzes were *bona fide*, subsequent purchasers without notice.

After carefully considering all the evidence and authorities in this closely disputed case, we conclude, for the reasons hereinbefore set forth, that the decision of the circuit court should be affirmed.

Affirmed.

HEIPLE, P.J., and WOMBACHER, J., concur.